UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENTA RAYNARD MOORE,

    Defendant.
_____/

Case No. 1:14-cr-35

HON. JANET T. NEFF

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release (ECF No. 69). The government filed a response in opposition (ECF No. 75). For the reasons stated below, the Court denies the motion.

On June 11, 2014, Defendant pleaded guilty to possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). This Court imposed a prison term of 180 months (ECF No. 36). Defendant's estimated release date is February 26, 2026.

Defendant seeks a reduced sentence based on nonretroactive legal developments to federal sentencing laws. He argues that if he was sentenced today, he would not be considered an armed career criminal because his prior Oklahoma drug-trafficking conviction is no longer a predicate conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

As a general rule, absent a statutory exception, a district court cannot change a sentence once it is entered. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020). The First Step Act amended § 3582(c)(1)(A) to allow defendants to file motions to reduce sentences or obtain

compassionate release under certain circumstances. If the defendant has exhausted his administrative remedies, the Court applies a three-step test. At step one, the Court must determine "whether 'extraordinary and compelling reasons warrant' a sentence reduction." *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). At step two, the Court must evaluate whether a sentence reduction is consistent with any applicable policy statement of the Sentencing Commission. *Id.* at 1108. The Sixth Circuit, however, has held that U.S.S.G. 1B1.13 is not a policy statement that limits the Court's consideration of a compassionate release motion. *Id.* Therefore, the Court need not analyze a defendant's request for consistency with U.S.S.G. 1B1.13. At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). The Sixth Circuit has clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The Court, having reviewed the record, finds that Defendant's motion fails at step two because he has not shown an extraordinary and compelling reason. First, Defendant is mistaken that he no longer would be considered an armed career criminal if sentenced today. His argument confuses the definitions of a "serious drug offense" under 18 U.S.C. § 924(e) and a "felony drug offense" under 21 U.S.C. §§ 841 and 851. Second, the Sixth Circuit has clarified that "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction." *United States v. McCall*, 56 F.4th 1048, 1065-66 (6th Cir. 2022). Therefore, Defendant's arguments regarding

nonretroactive changes to the sentencing laws cannot be considered an extraordinary and compelling reason. Because Defendant has failed to identify any extraordinary or compelling reason for granting a compassionate release, his motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (ECF No. 69) is DENIED.

Dated: April 11, 2023
      /s/ Janet T. Neff
      JANET T. NEFF
      United States District Judge